DICKSON, Justice.
In this direct appeal, defendant Larry Newton appeals the trial court’s order vacating its permission for the defendant to file a belated appeal.[1] We find that the trial court correctly rescinded its order and struck the belated appeal because it lacked authority to grant the defendant’s request presented more than thirty days after final judgment. In addition, the defendant fails to present cogent argument as to the issue raised in this appeal. Ind. Appellate Rule 46(A)(8)(a).
On December 29, 1995, the defendant was sentenced to life without the possibility of parole (“LWOP”) in accordance with his plea agreement, for the murder of Christopher Coyle. For the offenses of class A felony conspiracy to commit robbery and class B felony criminal confinement, following his plea of guilty but without a fixed sentence, the trial court imposed sentences of forty-five and twenty years, respectively, to run consecutive to each other and the LWOP sentence. The defendant did not bring a direct appeal but did unsuccessfully pursue two post-conviction proceedings. Thereafter, on April 9, 2007, the defendant, pro se, sought to file a belated notice of appeal, asserting a single issue: “Whether the trial court erred when sentencing Petitioner to consecutive sentences totaling 65 years and consecutive to a sentence of life without parole.” Appellant’s App’x at 1136. Following the appointment of a public defender, the trial court held a hearing on September 6, 2007, and entered judgment on October 5, 2007, deny *193 ing the defendant’s April 9 request for permission to file a belated appeal. No appeal was perfected within thirty days as required by App. R. 9(A).
On November 15, 2007, the defendant, by counsel, filed a new request to file a belated notice of appeal, noting that “it was through inadvertence and mistake of this Public Defender that a Notice of Appeal was not filed in a timely manner.” Id. at 1182. The trial court granted this request and on December 3, the defendant filed a notice of appeal “from the final determination of the Delaware Circuit Court No. 3 dated October 5, 2007.” Id. at 1185. On December 10, 2007, however, the trial court sua sponte entered an order setting aside its November 30 order that had granted the defendant’s permission to file a belated appeal and striking the December 3 notice of appeal. The trial court noted that under Ind. PosWDonviction Rule 2 it did not have the authority to grant the November 15 request. Indiana Post-Conviction Rule 2 permits a defendant to request permission to bring a belated appeal to challenge “a conviction or sentence after a trial or plea of guilty.” The defendant sought such permission by his petition of April 9, 2007. The defendant could have disputed such denial by timely appealing, but he failed to do so. The defendant’s subsequent November 15 request for permission to belatedly appeal is not a challenge to “a conviction or sentence” but rather seeks to dispute the court’s denial of the defendant’s request for belated appeal, and thus is not authorized by Rule PC 2.
On January 9, 2008, the defendant, by counsel, filed an additional notice of the present appeal, “from the final determination of the Delaware Circuit Court No. 3 dated December 10, 2007 (the order rescinding permission to file a belated notice of appeal).” But the appellant’s brief wholly fails to address the propriety of the trial court’s order of December 10, 2007 and instead focuses solely on the merits of the earlier October 5 denial of permission to file belated notice of appeal, an issue proeedurally defaulted by the defendant’s failure to timely appeal. As to the issue that is the subject of this appeal, the propriety of the trial court’s December 10 order, withdrawing permission and striking the defendant’s December 3 request to file a belated appeal of the October 5, 2007 judgment, the defendant fails to present any argument, cogent or otherwise, as required by Indiana Appellate Rule 46(A)(8)(a). We therefore decline to consider this purported appeal.
It is ordered that this appeal be dismissed.
BOEHM, J., concurs.
SHEPARD, C.J., concurs with separate opinion.
SULLIVAN, J., concurs in result with separate opinion.
RUCKER, J., dissents with separate opinion.

. This appeal was initially submitted to the Indiana Court of Appeals, but the Clerk of Courts diverted it to the Indiana Supreme Court pursuant to Ind. Appellate Rule 4(A)(1)(a).