Edward DAWSON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1001–CR–155.

Court of Appeals of Indiana.

Dec. 17, 2010.

Victoria L. Bailey, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ann L. Goodwin, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Statement of the Case

Edward Dawson appeals the sanction imposed following the revocation of his probation; the State cross-appeals on jurisdictional grounds.

We dismiss.

### Issue

The dispositive issue is whether the trial court erred when it granted Dawson leave to file a belated notice of appeal of the probation revocation order.

### Facts and Historical Background

On December 1, 2008, Dawson pleaded guilty to one count of Conspiracy to Commit Robbery, a Class B felony, and one count of Carrying a Handgun without a License, a Class A misdemeanor. The trial court imposed an aggregate sentence of eight years, all suspended, with three years probation.

On April 23, 2009, the State filed a Notice of Probation Violation. At the probation revocation hearing, Dawson admitted the violation. On May 1, 2009, the trial court revoked Dawson's probation and ordered him to serve six years in the Department of Correction.

On January 6, 2010, Dawson sought permission to file a belated appeal of the probation revocation order. The trial court granted the request "outright." (Tr. 11.) Thereafter, Dawson successfully moved for a hearing to establish a record on the request. Dawson testified that he learned of the right to appeal after meeting a law clerk at the Indiana Youth Center. The trial court confirmed its earlier ruling and Dawson filed a belated notice of appeal.

### Discussion and Decision

■ The State contends that the trial court had no authority to permit Dawson to file a belated notice of appeal.[1] It is

---

1. The State raised the same issue in a motion to dismiss, which the Motions Panel denied on July 30, 2010. Dawson points out that, although we may reconsider a ruling by the motions panel, "we decline to do so in the absence of clear authority establishing that it erred as a matter of law." Cross–Appellee's Br. at 1–2; *Oxford Fin. Group, Ltd. v. Evans,*

795 N.E.2d 1135, 1141 (Ind.Ct.App.2003). It is true that we are reluctant to overrule orders decided by the Motions Panel on the merits. *See Davis v. State,* 771 N.E.2d 647, 649 n. 5 (Ind.2002); *State v. Moore,* 796 N.E.2d 764, 766 (Ind.Ct.App.2003), *trans. denied.* In this instance, however, the Motions Panel contemplated a decision by the writing

undisputed that the revocation of Dawson's probation was a final judgment and that Dawson did not file either a motion to correct error or a notice of appeal within thirty days after that judgment. *See* Ind. Code § 35–38–2–3(k); Ind. Appellate Rule 9(A)(1). The failure to file a timely notice of appeal forfeits the right to appeal except as provided by Indiana Post–Conviction Rule 2. App. R. 9(A)(5).

In pertinent part, Post–Conviction Rule 2 provides:

> *Eligible defendant defined.* An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

> \* \* \* \* \* \*

### Section 1. Belated Notice of Appeal

(a) *Required Showings.* An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if:

(1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

The State insists that Post–Conviction Rule 2 does not apply to probation revocation and other post-judgment proceedings. That issue was the focus of a recent case

where a defendant did not timely appeal the probation revocation order but later asked the court to reconsider its revocation decision. *Cooper v. State,* 894 N.E.2d 993 (Ind.Ct.App.2008), *trans. granted.* The trial court had treated the subsequent hearing as one on a motion to reconsider and denied the defendant's motion. *Id.* at 995. On appeal, this Court reviewed the probation revocation order under our inherent authority to entertain an untimely appeal in "rare and exceptional" cases of great public interest. *Id.* at 995–96. Concurring in result, Judge Vaidik took the position that the merits of the appeal should be decided pursuant to Post–Conviction Rule 2. *Id.* at 999.[2]

On petition to transfer, a divided Indiana Supreme Court concluded that, because the defendant did not petition for permission to file a belated notice of appeal, the case was not an appropriate vehicle to resolve the question of whether probation revocation orders are appealable under Post–Conviction Rule 2. *Cooper v. State,* 917 N.E.2d 667, 673 (Ind.2009). As Justice Rucker wrote: "[I]t is axiomatic that any review of the trial court's decision to grant or deny a petition for permission to file a belated notice of appeal is wholly dependent on the defendant actually requesting permission in the first place." *Id.* The Court also rejected the position that the case qualified as rare and exceptional and, thus, analyzed "the only issue properly before" it, namely, the denial of the defendant's motion to reconsider. *Id.* Ultimately, the Court affirmed the trial court's denial of that motion. *Id.* at 674.

■ Here, Dawson sought and was granted permission to file a belated notice

panel and, thus, did not decide the issue on the merits.

**2.** Soon thereafter, the author of this opinion drafted *Smith v. State,* wherein the panel followed *Cooper* and, without deciding which

position was appropriate, reviewed a belated appeal of a probation revocation order. *Smith v. State,* 904 N.E.2d 282 (Ind.Ct.App. 2009).

of appeal of the probation revocation order. Thus, the issue avoided in *Cooper* is squarely before us. Moreover, the State does not challenge the fault/diligence inquiries but rather presents a pure question of law regarding the construction of P–C.R. 2. We evaluate questions of law under a de novo standard and owe no deference to the trial court's determinations. *McCown v. State*, 890 N.E.2d 752, 756 (Ind.Ct.App.2008).

### Historical Perspective

Prior to 1994, Post–Conviction Rule 2 provided that "[w]here a defendant convicted after a trial or plea of guilty fails to file a timely praecipe [now notice of appeal], a petition for permission to file a belated praecipe may be filed with the trial court." *Howard v. State*, 653 N.E.2d 1389, 1390 (Ind.1995) (quoting Ind. P–C.R. 2(1), Indiana Rules of Court 1993). Thus, the rule "allowed requests from prisoners who were seeking to appeal something other than their direct appeal[.]" *Id.*; *Greer v. State*, 685 N.E.2d 700, 702 (Ind.1997).

Effective January 1, 1994, the rule was amended to provide that a defendant convicted after a trial or plea of guilty who had failed to file a timely praecipe could petition the trial court for permission to file a belated praecipe "for appeal of the conviction." *Greer*, 685 N.E.2d at 702 (discussing P–C.R. 2(1), Indiana Rules of Court 1994). Our supreme court interpreted the amended rule as the vehicle for belated direct appeals of convictions alone. *Howard*, 653 N.E.2d at 1390 (holding that belated appeal of denial of post-conviction petition is outside purview of rule); *Greer*, 685 N.E.2d at 702 (holding that belated appeal of denial of credit time following probation revocation is outside purview of rule). As explained by Justice Sullivan:

By following the procedure outlined in the prior version of P–C.R. 2(1), an appellant from a criminal conviction could (and still can), and an appellant from an adverse determination in other proceedings of a criminal nature arguably could (but now cannot), invoke the jurisdiction of the trial court over his or her particular case.

*Greer*, 685 N.E.2d at 703. Relying on *Howard v. State*, our Court held that the trial court could not permit a belated appeal of a probation revocation order. *Glover v. State*, 684 N.E.2d 542, 543 (Ind.Ct. App.1997).[3]

Since that time, Post–Conviction Rule 2 has been amended several times. As delineated above, it now states that "[a]n eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction *or sentence* . . . ." (Emphasis supplied.) Addition of the "sentence" language comports with *Collins v. State*, 817 N.E.2d 230, 233 (Ind.2004), where the Indiana Supreme Court held that "the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P–C.R. 2." The current Rule also defines an "eligible defendant" as a defendant who, but for the failure to do so timely, "would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal . . . ."

### Eligible Defendant

■ The State contends that Dawson is not an eligible defendant under the rule. We must agree. The plain definition encompasses those who possessed the right

---

**3.** It is not clear whether the defendant in *Glover* had sought permission to file a belated appeal under P–C.R. 2 or whether the attendant fault/diligence criteria had been satisfied.

but failed to file a timely direct appeal of a conviction or sentence after a trial or plea of ·guilty. In this probation revocation hearing, Dawson cannot and does not challenge his conviction or sentence imposed upon that conviction. Rather, he argues that the trial court misinterpreted the law when imposing the sanction for revocation of his probation. Thus, the question is whether that sanction qualifies as a "sentence" under the Rule.

It is true that an order for probation derives from a sentencing order following a conviction or plea of guilty. *Davidson v. State,* 926 N.E.2d 1023, 1025 (Ind.2010) (noting the variety of options when determining the penal consequences for a convicted defendant). And a revocation of probation may involve a re-structuring of that order. *See* Ind.Code § 35–38–2–3(g) (providing that the court may order execution of all or part of the sentence that was suspended at the time of the initial sentencing). Accordingly, one justification for permitting belated appeals of probation revocation orders is that imposition of all or part of a previously-suspended sentence is similar to imposition of a modified sentence, which "carries with it the right to belatedly appeal pursuant to Indiana Post–Conviction Rule 2." *See Cooper,* 894 N.E.2d at 999 (Vaidik, J., concurring in result) (vacated); *Cooper,* 917 N.E.2d at 674 (Boehm, J., dissenting and agreeing with Judge Vaidik's separate opinion).

■ The cases cited for that proposition, however, are *Becker v. State,* 719 N.E.2d 858 (Ind.Ct.App.1999) and *Riffe v. State,* 675 N.E.2d 710 (Ind.Ct.App.1996), *trans. denied.* In *Becker,* this court had affirmed the defendant's convictions on direct appeal but remanded to the trial court for resentencing. The resentencing order was then belatedly appealed. *Becker,* 719 N.E.2d at 859. In *Riffe,* the defendant also sought a belated direct appeal from a sentence imposed as a result of re-sentencing after remand. *See Riffe,* 675 N.E.2d at 714 (Sullivan J., dissenting) (describing proceeding as a "de novo resentencing"). But the trial court's action in a civil probation violation proceeding differs significantly from that taken in original sentencing or re-sentencing after a criminal conviction. As our supreme court explained:

> the action taken by a trial court in a probation revocation proceeding is not a "sentencing." The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are. appropriate.

*Jones v. State,* 885 N.E.2d 1286, 1289 (Ind. 2008) (holding that the trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by Appellate Rule 7(B)).

We are not unsympathetic to the policy considerations attendant to permitting belated appeals of probation revocation orders where the diligence and fault criteria are met. Nevertheless, the Indiana Supreme Court has strictly construed Post–Conviction Rule 2 in *Howard* and *Greer,* and continues to limit its reach. *See Newton v. State,* 894 N.E.2d 192 (Ind.2008) (holding that the trial court lacked authority to grant a request for a belated appeal where the case did not involve a direct appeal of a conviction or sentence after a trial or plea of guilty). Further, although the Indiana Supreme Court has never explicitly determined whether and to what extent Post–Conviction Rule 2 applies to probation revocation orders, this Court decided that matter in 1997, and the Indiana Supreme Court has never superseded that opinion by Rule amendment.

While we are aware of the need for clarification and welcome such, we do not believe the current rendering of the Post–Conviction Rule 2 encompasses probation revocation orders. Accordingly, we must conclude that Post–Conviction Rule 2 is available for direct appeals of convictions and sentences only and not for belated appeals of probation revocation orders. Because this matter is not properly before us due to the lack of a timely notice of appeal, we decline to consider the appeal.

Dismissed.

RILEY, J., and KIRSCH, J., concur.