ATTORNEY FOR APPELLANT
Victoria L. Bailey
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Ann L. Goodwin
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Mar 29 2011, 10:18 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 49S02-1103-CR-176

EDWARD DAWSON,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court,
No. 49G02-0804-FB-087393
The Honorable Robert R. Altice, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 49A02-1001-CR-155

**March 29, 2011**

**Per Curiam.**

The trial court's final, appealable order revoking Dawson's probation and ordering him to serve six years in the Department of Correction was entered in April 2009. Some eight months later, the trial court granted Dawson permission to file a belated notice of appeal pursuant to Post-Conviction Rule 2.

The rule allows belated appeals in certain criminal cases.[1] A threshold question in this appeal is whether Post-Conviction Rule 2 allows belated appeals from an order revoking probation. The Court of Appeals held that the rule did not apply and declined to consider Dawson's appeal on the merits. Dawson v. State, 938 N.E.2d 841, 844-46 (Ind. Ct. App. 2010).

The Court of Appeals correctly decided that belated appeals from orders revoking probation are not presently available pursuant to Post-Conviction Rule 2. We agree with the Court of Appeals' analysis that the sanction imposed when probation is revoked does not qualify as a "sentence" under the Rule, and therefore Dawson is not an "eligible defendant." Accordingly, we grant transfer and adopt and incorporate by reference the opinion of the Court of Appeals under Appellate Rule 58(A)(1).

Shepard, C.J., and Dickson, Sullivan, Rucker and David, JJ., concur.

---

[1] As relevant to this case, Post-Conviction Rule 2 provides:

> *Eligible defendant defined*. An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.
>
> . . . .
>
> Section 1. Belated Notice of Appeal
>
> (a) *Required Showings*. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if:
>
> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.