**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 19 2013, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JACK QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL WARREN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1210-CR-870 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-0603-FA-5

**April 19, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Michael Warren ("Warren") belatedly appeals the sanction imposed following the revocation of his probation. The dispositive issue is whether the trial court erred when it granted Warren leave to file a belated notice of appeal of the probation revocation order.

We dismiss.

**Facts and Procedural History**

In 2006, Warren pleaded guilty to Class B felony dealing in cocaine and Class B felony possession of cocaine. He was ordered to serve an aggregate sentence of twenty years in the Department of Correction, with eighteen years executed and two years suspended on each count, with the sentences to run concurrently. In 2011, Warren filed a petition to modify his sentence. The trial court granted his petition and stayed the remainder of the Warren's sentence on the condition that Warren successfully complete both the Delaware Forensic Diversion Program and the previous terms of his petition. Appellant App. pp. 105-107.

On May 11, 2012, the State filed a petition to revoke Warren's placement in the Delaware Forensic Diversion Program, alleging that he was charged with possession of cocaine on May 4, 2012, and that he also tested positive for THC on December 12, 2011. On May 24, 2012, the State amended its petition, adding an allegation that Warren was in possession of "spice," i.e. synthetic marijuana, on May 17, 2012. On July 26, 2012, the State amended its petition for a third time after Warren was charged with battery and driving with a suspended license, following a prior conviction for driving while suspended.

2

On August 22, 2012, an evidentiary hearing was held. Warren admitted to the allegations against him in the State's amended Petition for Revocation. On September 5, 2012, the trial court found that Warren had violated the terms of his suspended sentence and ordered the remainder of Warren's twenty-year sentence to be executed in the Indiana Department of Correction. Warren filed a Motion for Permission to File Belated Notice of Appeal on October 15, 2012. The trial court granted Warren permission to file a belated Notice of Appeal in an order dated October 15, 2012. Warren filed a Notice of Appeal on October 29, 2012.

**Discussion and Decision**

The State contends that the trial court had no authority to permit Warren to file a belated notice of appeal. It is undisputed that the revocation of Warren's probation was a final judgment and that Warren did not file either a motion to correct error or a notice of appeal within thirty days after that judgment. The failure to file a timely notice of appeal forfeits the right to appeal except as provided by Indiana Post-Conviction Rule 2. App. R. 9 (A) (5).

Here, however, Warren sought and was granted permission to file a belated notice of appeal of the trial court's order revoking his probation. Thus, the State presents a pure question of law regarding the construction of Post-Conviction Rule 2. We evaluate questions of law under a de novo standard and owe no deference to the trial court determinations. McCown v. State, 890 N.E.2d 752, 756 (Ind. Ct. App. 2008).

The State contends that Warren is not eligible for belated appeal under the rule. We must agree. "The plain definition encompasses those who possessed the right but

3

failed to file a timely direct appeal of a conviction or sentence after a trial or plea of guilty." Dawson v. State, 938 N.E.2d 841, 844-845 (Ind. Ct. App. 2010), *trans granted, opinion adopted,* 943 N.E.2d 1281 (Ind. 2011). In this probation revocation hearing, Warren cannot and does not challenge his conviction or sentence imposed upon that conviction. Rather, he argues that the trial court misinterpreted the law when imposing the sanction for revocation of his probation. Our courts have strictly construed Post-Conviction Rule 2 and have held that, "belated appeals from orders revoking probation are not presently available pursuant to Post-Conviction Rule 2." Dawson v. State, 943 N.E.2d 1281 (Ind. 2011). "[T]he sanction imposed when probation is revoked does not qualify as a "sentence" under the Rule." Id. Therefore, Warren is not an eligible defendant.

Timeliness of appeal is jurisdictional. "The Court of Appeals lacks subject matter jurisdiction over appeals other than direct appeals, unless such appeals are timely brought." Davis v. State, 771 N.E.2d 647, 649 (Ind. 2002) (quoting Greer v. State, 685 N.E.2d 700, 703 (Ind. 1997)); Ind. Appellate Rule 9. Because Warren failed to file his appeal in a timely fashion and there is no belated appeal available to him, we dismiss for lack of subject matter jurisdiction.

Dismissed.

BAKER, J., and MAY, J., concur.