**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Apr 30 2013, 9:16 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**C. ROBERT RITTMAN**
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DOUGLAS R. BARTEL,                          )
                                            )
    Appellant-Petitioner,              )
                                            )
      vs.                            )    No. 27A05-1207-CR-349
                                            )
STATE OF INDIANA,                           )
                                            )
    Appellee-Respondent.               )

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause Nos. 27D02-1201-FD-16 and 27D02-0808-FD-118
The Honorable Warren Haas, Judge
Cause No. 27D03-0903-FB-233

**April 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Douglas R. Bartel brings this consolidated appeal following his conviction for operating a motor vehicle as an habitual traffic offender, a Class D felony, in one cause number and following the revocation of his probation in two other cause numbers. Bartel raises three issues for our review, and the State raises an issue on cross-appeal. We discuss the following dispositive issues:

1.      Whether Bartel may challenge the revocation of his probation in a belated direct appeal; and

2.      Whether Bartel received ineffective assistance from his trial counsel during his trial for operating a motor vehicle as an habitual traffic offender.

We dismiss in part and affirm in part.

**FACTS AND PROCEDURAL HISTORY**

On August 12, 2009, Bartel pleaded guilty to possession of methamphetamine, as a Class D felony, and to possession or sale of precursors, as a Class D felony, in Cause Number 27D03-0903-FB-233 ("Cause 233"). The trial court sentenced Bartel accordingly. Bartel's sentence included an aggregate term of two years suspended to probation.

In October of 2009, Bartel pleaded guilty to operating a vehicle while intoxicated, as a Class D felony, in Cause Number 27D02-0808-FD-118 ("Cause 118"). The trial court sentenced Bartel to two years in the Department of Correction, with one and one-half years suspended to probation. The trial court ordered this sentence to run consecutive to Bartel's sentence in Cause 233.

On January 9, 2012, Grant County Sheriff's Deputy Stephen R. Hurd saw Bartel driving a truck with Rodney Phifer in the passenger seat. Neither Bartel nor Phifer was wearing a seatbelt. Deputy Hurd approached Bartel after Bartel pulled into a parking lot, and Bartel immediately said that he had not been driving the truck. Deputy Hurd discovered that Bartel's license had been suspended, and he placed Bartel under arrest. During a subsequent search of the truck, officers discovered marijuana.

On January 11, 2012, the State charged Bartel with operating a motor vehicle as an habitual traffic violator, a Class D felony, and with possession of marijuana, as a Class D felony, in Cause Number 27D02-1201-FD-16 ("Cause 16"). The State also charged Phifer with possession of marijuana in a separate action. Based on the new criminal allegations against Bartel, the State filed petitions for the revocation of Bartel's probation in Cause 233 and Cause 118, which the trial courts held in abeyance.

On March 19, the court held Bartel's jury trial in Cause 16. Prior to the trial, Bartel's counsel had spoken with Phifer on several occasions, and Phifer had informed Bartel's counsel that he would appear as a witness. But when Bartel's counsel called Phifer during trial, Phifer did not appear. The jury subsequently found Bartel guilty of operating a motor vehicle as an habitual traffic violator but found him not guilty of possession of marijuana.

Following the jury's verdict, Bartel filed a motion to correct error. The trial court held a hearing on Bartel's motion, and Phifer appeared at the hearing and testified. In relevant part, Phifer claimed his Fifth Amendment right to avoid self-incrimination when asked about the events on the day of Bartel's alleged crimes. Phifer further testified that he would have claimed his Fifth Amendment right had he appeared for Bartel's trial.

The trial court denied Bartel's motion to correct error. Thereafter, the State's pending petitions for the revocation of Bartel's probation in Cause 233 and Cause 118 were granted. In each of the three causes, Bartel filed a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2, each of which was granted. This consolidated appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Probation Revocation

We first consider Bartel's appeal from the revocation of his probation in Cause 233 and Cause 118. On these issues, the State cross-appeals and asserts that Post-Conviction Rule 2 is an inappropriate vehicle to challenge the revocation of a probation. The State is correct.

As we have held:

> we do not believe the current rendering of the Post-Conviction Rule 2 encompasses probation revocation orders. Accordingly, we must conclude that Post-Conviction Rule 2 is available for direct appeals of convictions and sentences only and not for belated appeals of probation revocation orders. Because this matter is not properly before us due to the lack of a timely notice of appeal, we decline to consider the appeal.

Dawson v. State, 938 N.E.2d 841, 846 (Ind. Ct. App. 2010), expressly adopted, 943 N.E.2d 1281, 1281-82 (Ind. 2011). Accordingly, Bartel's attempt to appeal the revocation of his probation in Cause 233 and Cause 118 is untimely, and we dismiss his appeal with respect to those issues.

4

**Issue Two: Ineffective Assistance of Counsel**

Bartel also asserts that his trial counsel rendered ineffective assistance when he did not obtain a subpoena to compel Phifer's appearance during his trial in Cause 16. A claim of ineffective assistance of counsel must satisfy two components. Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment. Id. at 687-88. Second, the defendant must show prejudice: a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different. Id. at 694.

Bartel cannot demonstrate prejudice on this issue. During the hearing on Bartel's motion to correct error, Phifer claimed his Fifth Amendment right against self-incrimination when asked about the events on the day in question and testified that he would have claimed his Fifth Amendment right had he appeared at Bartel's trial. As such, his testimony would not have mattered even if he had been subpoenaed.

**Conclusion**

In sum, we dismiss Bartel's belated appeal from the revocation of his probation in Cause 233 and Cause 118. We further hold that he did not receive ineffective assistance from his trial counsel in Cause 16, and we affirm his conviction and sentence in all respects.

Dismissed in part and affirmed in part.

KIRSCH, J., and VAIDIK, J., concur.