**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Jun 10 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES A. SHOAF**
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON KINCHELOE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A05-1312-CR-640 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW CIRCUIT COURT
The Honorable Stephen R. Heimann, Judge
Cause No. 03C01-1212-FD-6365

**June 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Chief Judge**

## Case Summary

The State of Indiana filed a verified petition to revoke Brandon Kincheloe's probation. At the revocation hearing, Kincheloe admitted to violating his probation. The trial court revoked his probation and ordered him to serve the balance of his previously suspended sentence of twenty months in the Department of Correction. Kincheloe's counsel filed an amended petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2, which the trial court granted. However, because the Indiana Supreme Court has decided that belated appeals from orders revoking probation are not eligible for appeal pursuant to Post-Conviction Rule 2, we dismiss this appeal.

## Facts and Procedural History

In April 2013 Kincheloe pled guilty to stalking, a Class D felony. The trial court sentenced him to ten months in the Bartholomew County Jail and twenty months in the Department of Correction, suspended to probation. Four months later, the State filed a verified petition to revoke Kincheloe's probation. At the October 14, 2013 revocation hearing, Kincheloe admitted to violating his probation. That same day, the court found that Kincheloe violated his probation and ordered him to serve the balance of his previously suspended twenty-month sentence in the Department of Correction. Appellant's App. p. 18-19, 20-21. On November 7, 2013, Kincheloe's trial counsel moved to withdraw and requested appointment of new counsel for appeal; this motion was granted and appellate counsel was appointed. On November 20, 2013, Kincheloe's new counsel filed a Post-Conviction Rule 2 petition for permission to file a belated notice of appeal. This petition

2

was denied; however, the trial court granted counsel's amended petition for permission to file a belated notice of appeal that was filed on December 5, 2013. *Id.* at 13.

This belated appeal now ensues.

### Discussion and Decision

Kincheloe challenges the trial court's imposition of the balance of his previously suspended twenty-month sentence. The State cross-appeals, arguing that belated appeals from orders revoking probation are not available pursuant to Post-Conviction Rule 2. We agree with the State.

Post-Conviction Rule 2 provides:

> *Eligible defendant defined.* An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

The sanction imposed when probation is revoked does not qualify as a "sentence" under Post-Conviction Rule 2. *Dawson v. State*, 938 N.E.2d 841, 845 (Ind. Ct. App 2010), *adopted and incorporated by reference by* 943 N.E.2d 1281 (Ind. 2011).

> [T]he action taken by a trial court in a probation revocation proceeding is not a "sentencing." The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are appropriate.

*Id.* (quoting *Jones v. State*, 885 N.E.2d 1286, 1289 (Ind. 2008)). Therefore, Kincheloe is not an "eligible defendant." Because belated appeals from orders revoking probation are not presently available pursuant to Post-Conviction Rule 2, *see Dawson*, 943 N.E.2d at

3

1281, this matter is not properly before us due to the lack of a timely notice of appeal. We therefore decline to consider this appeal.

Dismissed.

NAJAM, J., and BROWN, J., concur.