## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 25 2018, 10:57 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Cyril Washington,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 25, 2018

Court of Appeals Case No.
34A05-1708-CR-1838

Appeal from the Howard Superior Court

The Honorable George A. Hopkins, Judge

Trial Court Cause No.
34D04-1411-F5-152

**Robb, Judge.**

# Case Summary and Issue

The trial court revoked Cyril Washington's placement on in-home detention and ordered him to serve the remaining portion of his sentence in the Indiana Department of Correction. Washington appeals, raising the sole issue of whether the trial court abused its discretion in calculating his credit time. The State of Indiana cross-appeals, alleging the trial court lacked the authority to permit Washington to file a belated notice of appeal. Concluding Washington failed to timely file a notice appeal and the trial court lacked authority to authorize a belated appeal from his probation revocation, we dismiss this appeal.

# Facts and Procedural History

In May of 2015, Washington pleaded guilty to possession of marijuana, a Level 6 felony, and resisting law enforcement, a Class A misdemeanor. The trial court sentenced Washington to a total of forty-two months—twenty-four months executed on in-home detention and eighteen months suspended to probation.

On December 2, 2015, the State filed a notice alleging Washington violated the terms of his in-home detention and the trial court issued a warrant for his arrest. Washington was arrested on July 20, 2016. Following a hearing on September 30, 2016, the trial court revoked 183 days of Washington's suspended sentence and awarded him 146 days of credit for time served. Washington served the

remaining portion of this sentence and returned to in-home detention on October 27, 2016.

[4] On May 1, 2017, the State filed a second notice alleging Washington violated the terms of his in-home detention and the trial court issued a warrant for his arrest. On May 5, 2017, Washington was arrested. Washington admitted the violations and on June 23, 2017, the trial court sentenced Washington as follows:

> [Washington] is ordered to serve the balance of his In-Home and suspended sentence in the Indiana Department of Corrections in the amount of One Thousand, Ninety Five (1,095) days. [Washington] is given credit for in-home in the amount of One Hundred Seventy Five (175) actual days or Three Hundred Fifty (350) days with day for day credit from 10/27/2016 to 3/6/2017 and jail credit in the amount of Fifty (50) actual days of One Hundred (100) days with day for day credit from 5/5/2017 to 6/23/2107 and Five (5) actual days of in-home credit left over from the 9/30/2016 sentencing or Ten (10) days with day for day credit leaving Four Hundred Fifty Nine (459) actual days to serve.

Appellant's Appendix, Volume 2 at 98. On August 8, 2017, Washington sought permission to file a belated appeal. The trial court granted Washington's motion and he filed a belated notice of appeal on August 15, 2017.

# Discussion and Decision

[5]     Washington alleges the trial court improperly calculated the balance of his sentence by failing to award him with credit for certain periods of time. The State cross-appeals arguing belated appeals from orders revoking probation are not available pursuant to Indiana Post-Conviction Rule 2. We agree with the State.

[6]     To initiate an appeal, a party must file a notice of appeal within thirty days after entry of a final judgment. Ind. Appellate Rule 9(A)(1). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Indiana Post-Conviction Rule 2]." App. R. 9(A)(5). The trial court revoked Washington's placement on in-home detention on June 23, 2017, and Washington failed to file a notice of appeal within thirty days of that date. Therefore, Washington's appeal is untimely and he has forfeited his right to appeal unless Indiana Post-Conviction Rule 2 provides otherwise.

[7]     Indiana Post-Conviction Rule 2(1) permits an "eligible defendant" to petition the trial court for permission to file a belated notice of appeal of his "conviction or sentence." An "eligible defendant" is one who, "but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal . . . ." Ind. Post-Conviction Rule 2. The sanction imposed when probation is revoked does not qualify as a "sentence" under Post-Conviction Rule 2. *Dawson v. State*, 938 N.E.2d 841, 845 (Ind. Ct. App. 2010), a*dopted and incorporated by reference by* 943 N.E.2d 1281 (Ind. 2011).

> [T]he action taken by a trial court in a probation revocation proceeding is not a "sentencing." The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are appropriate.

*Id.* (quoting *Jones v. State*, 885 N.E.2d 1286, 1289 (Ind. 2008)). Thus, Washington is not an "eligible defendant" and his appeal is not properly before us due to his failure to file a timely appeal.[1] We therefore decline to consider this appeal.

# Conclusion

Washington failed to file his appeal in a timely fashion and there is no belated appeal available to him. Accordingly, we dismiss his appeal.

Dismissed.

Crone, J., and Bradford, J., concur.

---

[1] Our supreme court has determined that "[f]orfeiture and jurisdiction are not the same." *In re Adoption of O.R.*, 16 N.E.3d 965, 970 (Ind. 2014). A party may forfeit its right to an appeal, but that forfeiture does not deprive an appellate court of jurisdiction to entertain the appeal. *Id.* at 971. A party who has forfeited the right to appeal must present "extraordinarily compelling reasons" why their appeal should be restored. *Id.* Washington's brief does not address his failure to timely file an appeal or attempt to present extraordinarily compelling reasons to consider his appeal.