## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2018, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael Frischkorn
Frischkorn Law LLC
Fortville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Crosby Rayne Waller,

*Appellant/Cross-Appellee-Petitioner,*

v.

State of Indiana,

*Appellee/Cross-Appellant-Respondent*

December 11, 2018

Court of Appeals Case No.
18A-CR-1398

Appeal from the Hamilton
Superior Court

The Honorable William J. Hughes,
Judge

Trial Court Cause No.
29D03-1611-F5-8588

**Crone, Judge.**

[1] Crosby Rayne Waller was serving probation after pleading guilty to level 6 felony battery against a public safety officer. The State alleged, and the trial

court found, that Waller violated his probation by committing new offenses and taking illegal drugs. The court revoked his probation and executed the remainder of his previously suspended sentence. Waller failed to perfect an appeal within thirty days and sought leave to file a belated appeal pursuant to Indiana Post-Conviction Rule 2, which the trial court granted. He asserts that the trial court abused its discretion in executing the remainder of his previously suspended sentence. The State cross-appeals, to which Waller does not respond, claiming that the trial court erred in granting Waller leave to file a belated appeal and that we must therefore dismiss. Finding the State's cross-appeal issue dispositive, we dismiss. *See Dawson v. State*, 943 N.E.2d 1281, 1281 (Ind. 2011) (adopting this Court's analysis that Post-Conviction Rule 2 does not allow belated appeals from orders revoking probation).

[2]     Dismissed.

Vaidik, C.J., and Mathias, J., concur.