

**FILED**

Nov 21 2019, 10:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Randall J. Hammond
Deputy Public Defender
Leonard, Hammond, Thoma, & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James D. Cummings, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 21, 2019 <br><br> Court of Appeals Case No. 19A-CR-833 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable David M. Zent, Judge <br><br> Trial Court Cause Nos. <br> 02D04-1708-F6-987 <br> 02D04-1709-F6-1041 <br> 02D04-1802-F6-152 |

**Pyle, Judge.**

## Statement of the Case

[1] James Cummings ("Cummings') attempts to belatedly appeal the revocation of his probation. Because the Indiana Supreme Court has held that Post-

Conviction Rule 2 does not permit belated consideration of an appeal of a probation revocation, we dismiss the appeal.

We dismiss.

## Issue

> Whether this appeal should be dismissed because Cummings failed to file a timely notice of appeal.[1]

## Facts

In November 2017, Cummings pled guilty to Level 6 felony resisting law enforcement and Level 6 felony theft in two separate causes. The trial court sentenced him to 548 days for each conviction, ordered the two sentences to run consecutively to each other, and suspended them both to probation. In January 2018, Cummings failed to submit to two drug screens and missed an appointment with his probation officer. The State filed a petition to revoke his probation in January 2018.

Before the hearing on the revocation petition, Cummings was charged with another count of Level 6 felony resisting law enforcement. As a result of this charge, the State amended the petition to revoke Cummings' probation. In

---

[1] Cummings also argues that the trial court abused its discretion in revoking his probation in light of the following mitigating factors: (1) his prolonged history of substance abuse and mental illness; (2) his "drug infested family;" (3) his guilty plea to the underlying convictions; (4) his declaration of shame; and (5) his plan to no longer engage in criminal activity. Because we dismiss the appeal, we need not address this issue. We do, however, note that the trial court is not required to consider aggravating and mitigating factors when deciding to revoke probation. *Porter v. State*, 117 N.E.3d 673, 675 (Ind. Ct. App. 2018).

March 2018, Cummings pled guilty to the Level 6 felony resisting law enforcement charge. The trial court sentenced him to 913 days to run consecutively to the November 2017 sentences and again suspended the sentence to probation.

[5] One of the probation conditions was that Cummings successfully complete a residential drug treatment program. Cummings entered such a program in mid-March 2018. However, Cummings did not complete the program because he left the treatment program a week later. The State filed another petition to revoke Cummings' probation in all three cases based on his failure to complete the treatment program. Thereafter, the trial court ordered Cummings to be evaluated by a community corrections program for potential placement on home detention. Cummings, however, refused to participate in the evaluation. He told the trial court that he "no longer need[ed] the court to help [him] with [his] rehabilitation." (App. Vol. 2 at 87). Cummings admitted the violations in the revocation petition and was returned to probation in May 2018.

[6] The day after he admitted the allegations, Cummings entered another residential treatment program. Two days later, he left the the program without successfully completing it, and the State filed another motion to revoke his probation. On November 5, 2018, following an evidentiary hearing, the trial court revoked Cummings' probation and ordered him to serve the suspended sentences in the three cases in the Department of Correction.

[7] Four months later, on March 20, 2019, Cummings filed with the trial court a petition for permission to file a belated appeal pursuant to Post-Conviction Rule 2. The State responded that pursuant to *Dawson v. State*, 943 N.E.2d 1281, 1281-82 (Ind. 2011), a belated appeal could not be taken from an order revoking probation. The trial court nevertheless granted Cummings' motion "pursuant to Rule PC2 of the Indiana Rules of Procedure for Post-Conviction Remedies." (App. Vol. 2 at 134).

[8] Cummings filed his notice of appeal in April 2019. During the pendency of the appeal, the State filed a motion to dismiss. In support of its motion, the State cited *Dawson*. This Court's motions panel denied the motion,[2] and both parties filed appellate briefs. We now turn to the issues in this appeal.

## Decision

[9] Cummings argues that the trial court abused its discretion in revoking his probation. The State cross-appeals, arguing that belated appeals from orders revoking probation are not available pursuant to Post-Conviction Rule 2. Cummings does not respond to the State's cross-appeal.

[10] Post-Conviction Rule 2 provides:

> *Eligible defendant defined.* An "eligible defendant" for purposes of this Rule is a defendant who, but for the defendant's failure to do

---

[2] Although this Court's motions panel denied the State's motion to dismiss the appeal, "[i]t is well-established that we may reconsider a ruling by the motions panel." *Core v. State*, 122 N.E.3d 974, 976 (Ind. Ct. App. 2019).

so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal.

[11] The Indiana Supreme Court has concluded that the sanction imposed when probation is revoked does not qualify as a "sentence" under Post-Conviction Rule 2. Specifically, in *Dawson*, 943 N.E.2d at 1281, the Indiana Supreme Court explained as follows:

> [T]he action taken by a trial court in a probation revocation proceeding is not a 'sentencing.' The court is merely determining whether there has been a violation of probation and, if so, the extent to which the court's conditional suspension of the original sentence should be modified and/or whether additional conditions or terms of probation are appropriate.

[12] Therefore, Cummings is not an "eligible defendant." Because belated appeals from orders revoking probation are not available pursuant to Post-Conviction Rule 2, this matter is not properly before us due to the lack of a timely notice of appeal.[3]

---

[3] The Indiana Supreme Court has also explained that an appellate court may restore a right of appeal from an untimely notice of appeal if there are "extraordinarily compelling reasons to do so." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). For example, in *O.R.,* the Indiana Supreme Court concluded that, in an appeal of a father seeking to challenge the adoption of his child, there were extraordinarily compelling reasons that existed to restore the father's right to appeal when he had filed an untimely notice of appeal. *Id.* at 972. Here, we find no such extraordinarily compelling reasons.

Dismissed.

Robb, J., and Mathias, J., concur.