



FILED

Mar 31 2026, 9:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Travis S. Chandler,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

March 31, 2026

Court of Appeals Case No.
25A-CR-2553

Appeal from the Brown Circuit Court

The Honorable Mary Wertz, Judge

Trial Court Cause No.
07C01-2101-F5-000023

---

**Opinion by Judge Felix**
Judges May and Mathias concur.

**Felix, Judge.**

## Statement of the Case

After Travis Chandler's probation was revoked, he indicated that he did not wish to appeal but later changed his mind. Chandler's trial counsel was unaware of this change until one month later. As a result, Chandler did not file a timely notice of appeal. The trial court denied Chandler's subsequent petition to file a belated appeal under Indiana Post-Conviction Rule 2 ("PCR 2"). Chandler now appeals that denial and presents one issue, which we restate as the following two:

1. Whether the trial court abused its discretion by denying Chandler's petition to file a belated appeal; and
2. Whether extraordinarily compelling reasons support resurrecting Chandler's forfeited appeal.

We affirm and remand.

## Facts and Procedural History

On February 5, 2024, Chandler pled guilty to operating a motor vehicle as a habitual traffic violator. The trial court sentenced Chandler to four years in the Indiana Department of Correction with 3.5 years suspended to probation. Approximately one year later, after allegations of misconduct were filed, the trial court found Chandler violated his probation. On June 10, 2025, the trial court ordered Chandler to serve two years of his previously suspended sentence, terminated Chandler's probation, and advised Chandler of his right to appeal

the trial court's decision. Chandler advised he did not desire to pursue an appeal.

[4] The deadline to file a notice of appeal was July 10. Chandler did not file a timely notice of appeal, but at 4:30 p.m. on July 10, his trial counsel filed a "Notice of Intent to Seek Appeal." Appellant's App. Vol. II at 31. On July 14, the trial court appointed appellate counsel, who on July 29 filed an appearance and a petition for "permission to file a belated notice of appeal or motion to correct error" under PCR 2 (the "Appeal Petition"). *Id.* at 33. The Appeal Petition alleged that at the dispositional hearing, although Chandler informed the trial court that he did not wish to appeal, "before leaving the courtroom, he told his trial counsel that he did in fact wish to appeal," but trial counsel "did not hear Chandler's statement." *Id.* Chandler's trial counsel did not learn of Chandler's wish to appeal until July 10 when Chandler's friend Jennifer Rogers emailed trial counsel. That same day, trial counsel filed the Notice of Intent to Seek Appeal.

[5] At the ensuing hearing on the Appeal Petition, Chandler testified that his trial counsel "didn't hear" Chandler when Chandler told trial counsel that he wished to appeal. Tr. Vol. II at 6. Rogers, who attended the dispositional hearing, corroborated Chandler's testimony and noted that trial counsel was "talking to the prosecutor about another case" when Chandler indicated he wished to appeal. *Id.* at 8.

The trial court denied the Appeal Petition, finding that PCR 2 did not allow belated appeals for "probation violation disposition[s]." Tr. Vol. II at 13. The trial court, however, appears to have believed Chandler's testimony, as it stated that it would have permitted a belated appeal out of "equit[]y" if it had the "power" to do so because "telling your trial attorney that you want an appeal and actually getting a notice of appeal filed in it when you're indigent is a whole different matter . . . that people don't understand." *Id.* at 13. This appeal ensued.

## Discussion and Decision

### 1. The Trial Court Did Not Abuse its Discretion by Denying the Appeal Petition

Chandler argues that the trial court abused its discretion by denying the Appeal Petition. Because the trial court held a hearing on that petition, we review the trial court's denial thereof for an abuse of discretion. *Leshore v. State*, 203 N.E.3d 474, 477 (Ind. 2023) (quoting *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007)). A trial court abuses its discretion if its "decision is clearly against the logic and effect of the facts and circumstances," *Russell v. State*, 234 N.E.3d 829, 858 (Ind. 2024) (quoting *Smith v. State*, 754 N.E.2d 502, 504 (Ind. 2001)), *cert. denied*, 145 S. Ct. 424 (2024), or is "based on an error of law," *Moshenek*, 868 N.E.2d at 424.

"To initiate an appeal, a party must file a notice of appeal within 30 days after entry of a final judgment is noted in the chronological case summary." *Rosenbourgh v. State*, 268 N.E.3d 1255, 1261 (Ind. Ct. App. 2025) (citing Ind.

Appellate Rule 9(A)(1)), *trans. not sought*. There is no dispute that Chandler did not file a timely notice of appeal regarding his probation disposition.[1] In such circumstances, "the right to appeal shall be forfeited except as provided by P.C.R. 2." App. R. 9(A)(5).

[9] PCR 2 authorizes "[a]n eligible defendant convicted after a trial or plea of guilty" to "petition the trial court for permission to file a belated notice of appeal of the conviction or sentence" under certain circumstances. Ind. Post-Conviction Rule 2(1)(a). An "eligible defendant" is a defendant "who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P.-C.R. 2.

[10] The Indiana Supreme Court has held that "belated appeals from orders revoking probation are not presently available" under PCR 2. *Dawson v. State*, 943 N.E.2d 1281, 1281 (Ind. 2011) (per curiam). This is because a person who appeals the revocation of probation is not challenging a "conviction or sentence" and is therefore not an "eligible defendant" under the rule. *Dawson v. State*, 938 N.E.2d 841, 844–45 (Ind. Ct. App. 2010) (quoting P.-C.R. 2(1)(a)), *opinion adopted*, 943 N.E.2d 1281. Although Chandler argues that PCR 2 authorizes his filing of a belated motion for appeal, we cannot agree based on

---

[1] There is also no contention that Chandler's Notice of Intent to Seek Appeal suffices as a timely notice of appeal.

well-established Indiana Supreme Court precedent. *See Dawson*, 943 N.E.2d at 1281.

[11] The trial court thus did not abuse its discretion by denying the Appeal Petition. Furthermore, because Chandler cannot avail himself of a belated appeal under PCR 2, his right to appeal is "forfeited." *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014) (quoting App. R. 9(A)(5)).

## 2. Extraordinarily Compelling Reasons Support Resurrecting Chandler's Forfeited Right to Appeal

[12] Chandler next argues that we should use our "inherent power" to resurrect his forfeited appeal. Appellant's Br. at 12. This court may deviate from the Appellate Rules and "resurrect an otherwise forfeited appeal" when the appellant "demonstrate[s] that there are 'extraordinarily compelling reasons' to restore the forfeited right." *Rosenbourgh*, 268 N.E.3d at 1261 (quoting *O.R.*, 16 N.E.3d at 971). We may resurrect a forfeited appeal even if, as is the case here, a belated appeal is not permitted under PCR 2. *Sevion v. State*, 223 N.E.3d 1154, 1156 (Ind. Ct. App. 2023).

[13] "To determine whether the party qualifies for this limited exception, we consider" (1) "whether the party worked diligently to prosecute his appeal," *Rosenbourgh*, 268 N.E.3d at 1261 (citing *O.R.*, 16 N.E.3d at 972); (2) "the nature of the party's rights at stake," *id.* (citing *O.R.*, 16 N.E.3d at 972); (3) "whether there is a 'unique confluence' of factors giving rise to a strong desire to decide the case on the merits," *id.* (quoting *O.R.*, 16 N.E.3d at 972); and (4) "any

obvious injustice," *id.* (citing *Cannon v. Caldwell*, 74 N.E.3d 255, 258–59 (Ind. Ct. App. 2017)). As the Indiana Supreme Court noted in *State v. B.H.*, "[t]he narrow exception reinstating otherwise forfeited appeals effectively 'acts as a fail-safe' when dismissal would be 'shockingly unfair.'" 260 N.E.3d 953, 959 (Ind. 2025) (quoting *Sevion*, 223 N.E.3d at 1156).

[14] In applying these factors to the instant case, *Rosenbourgh v. State*, 268 N.E.3d 1255, is persuasive. In *Rosenbourgh*, Rosenbourgh informed the trial court that he did not wish to appeal the revocation of his probation; however, less than two weeks later, he wrote a letter to the trial court from prison stating that he did wish to appeal. 268 N.E.3d at 1261–62. The letter did not reach the trial court until less than one week remained for Rosenbourgh to file a timely notice of appeal. *Id.* at 1262. Although the trial court promptly appointed appellate counsel, the appeal deadline passed. *Id.* Appellate counsel sought permission to file a belated notice of appeal under PCR 2, which the trial court granted. *Id.* We found that Rosenbourgh was not permitted to file a belated appeal under PCR 2, but extraordinarily compelling reasons supported resurrecting Rosenbourgh's forfeited appeal. *Id.* at 1263. For similar reasons, we find extraordinarily compelling reasons support resurrecting Chandler's forfeited appeal here.

[15] **Diligent Prosecution.** Although Chandler initially stated that he did not wish to appeal his probation revocation, he testified that before leaving the courtroom, he informed his trial counsel that he did in fact wish to appeal; his trial counsel simply did not hear him. The trial court appears to have accepted

this testimony as true. Chandler's trial counsel did not learn that Chandler wished to appeal until Rogers sent an email the day the notice of appeal was due. That same day, trial counsel filed a Notice of Intent to Seek Appeal, the trial court quickly appointed appellate counsel, and appellate counsel ultimately filed the Appeal Petition nineteen days after the appeal deadline. This factor supports resurrecting Chandler's right to appeal.

[16] **Nature of Rights at Stake.** When Chandler's probation was revoked, he lost a "liberty interest" that was "significant." *See Rosenbourgh*, 268 N.E.3d at 1262 (citing *Weaver v. State*, 725 N.E.2d 945, 947 n.6 (Ind. Ct. App. 2000)). As in *Rosenbourgh*, this factor supports resurrecting Chandler's right to appeal.

[17] **Unique Confluence.** This is a unique case where Chandler initially informed the trial court that he did not wish to appeal, but moments later, informed his trial counsel that he did in fact wish to do so; trial counsel simply did not hear him.[2] Chandler did not sit on his right to appeal; his communication with his trial counsel was simply lost in the hustle and bustle of the courtroom as Chandler was being escorted to jail. This factor too favors resurrecting Chandler's right to appeal.

[18] **Obvious Injustice.** On appeal, Chandler does not make any argument regarding the merits of the probation revocation; his argument solely pertains to

---

[2] Again, Chandler's testimony in this regard was corroborated by Rogers, and the trial court appears to have accepted Chandler's testimony as truthful.

reinstatement of his right to appeal.[3] Thus we cannot say that an obvious injustice supports resurrecting Chandler's forfeited right to appeal, and we assign no weight to this factor.

[19] Weighing the aforementioned factors, even if we were to assign negative weight to the "obvious injustice" factor due to Chandler failing to discuss it, we hold there are extraordinarily compelling reasons to resurrect Chandler's forfeited right to appeal. Because Chandler does not include argument regarding the merits of his probation revocation, we cannot address them here. We therefore remand with instructions that the trial court permit Chandler to file a belated appeal.

## Conclusion

[20] The trial court did not abuse its discretion by denying the Appeal Petition. Nevertheless, we resurrect Chandler's forfeited right to appeal because he has demonstrated extraordinarily compelling reasons for us to do so. We therefore affirm the trial court's decision and remand with instructions for the trial court to permit Chandler to file a belated notice of appeal.

[21] Affirmed and remanded.

---

[3] Ideally, Chandler would have included argument regarding the probation revocation to allow us to more efficiently resolve the entire case. However, the State does not argue that Chandler's argument is waived for failure to include such argument, nor do we conclude it is.

May, J., and Mathias, J., concur.

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana