**Richard Lee DAVIS, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 34A02–0102–PC–107.

Court of Appeals of Indiana.

March 13, 2002.

Richard Lee Davis, Ashland, KY, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

MATTINGLY–MAY, Judge.

The State petitions for rehearing of our opinion in *Davis v. State*, No. 34A02–0102–PC–107, 759 N.E.2d 1196 (Ind.Ct.App. Dec. 5, 2001). We grant the State's petition for the limited purpose of addressing the basis for both the State's opposition to Davis' appeal and its petition for rehearing, and we reaffirm our original decision.

Davis brought this *pro se* appeal from the denial of his motion to correct erroneous sentence. He argued the trial court improperly ordered him, pursuant to the terms of a plea agreement, to serve his sentence consecutively to another term that would be pronounced at a later date in another court. We determined the plea agreement was void, and accordingly reversed and remanded.

On appeal, the State did not address Davis' argument. Instead, it argued only that this court lacked jurisdiction to hear Davis' appeal because Davis could not, under the circumstances, file a belated praecipe and because he failed to provide an adequate record. We pointed out in our opinion that the question whether Davis could file a belated praecipe had previously been reviewed by our Motions Panel and that panel had granted Davis permission to file a belated praecipe. We therefore declined to reconsider that issue upon which this court had already ruled.

The State did not address on appeal and does not address in its petition for rehearing the fact that our Motions Panel had

previously considered Davis' motion[1] and had granted Davis permission to file a belated praecipe.[2] The State argues vigorously that the timely filing of a praecipe is a jurisdictional requirement and that the appeal is forfeited on failure to comply with the applicable time limits, citing *Becker v. State,* 719 N.E.2d 858, 860 (Ind.Ct. App.1999).[3] This overstates the general principle articulated in *Becker.*

 It is true that a late praecipe (now the notice of appeal under our new rules) *may* result in dismissal of the appeal. But dismissal is not automatic. In this regard we note that even in *Becker,* the belated appeal from a sentencing error was permitted. We further note that belated appeals may be permitted in civil, as well as criminal, cases. *See, e.g., Soft Water Utils. v. LeFevre,* 261 Ind. 260, 301 N.E.2d 745, 750 (1973) and *Costanzi v. Ryan,* 174 Ind.App. 454, 368 N.E.2d 12, 16 (1977) (noting that this court and our supreme court have inherent power to grant time to perfect an appeal even after the expiration of time allowed by statute or court rules).

 This is not the first time the State has based its argument on appeal on a question that had already been considered and resolved in the same case and in the petitioner's favor by our Motions Panel. *See, e.g., Mahone v. State,* 742 N.E.2d 982, 985 (Ind.Ct.App.2001).[4] The State offers no authority in support of its apparent premise that our Motions Panel is without authority to grant such a motion, and we

decline to so hold. We remind the State that our rules explicitly authorize us to grant such extensions of time, *see, e.g.,* Ind. Appellate Rule 1 (the court may, on the motion of a party or on its own motion, permit deviation from the appellate rules); App. R. 35 (motions for extension of time). We further note that the State itself has routinely sought, and been granted, extensions of time by our Motions Panel for various reasons. Clearly, the State is well aware of our Motions Panel's authority to permit deviation from the appellate rules and is aware of the various procedures for using that authority to its own strategic benefit.

We therefore admonish the State to familiarize itself with these provisions of our rules and the case law interpreting them so that all parties and this court may avoid in the future the unnecessary expenditure of time, money, and other resources made necessary by appeals and petitions for rehearing that are premised on matters already resolved by our motions panel.

The State's petition for rehearing is granted for purposes of clarification only, and we re-affirm our original opinion regarding Davis' plea agreement.

SULLIVAN, J., and BARNES, J., concur.

---

1. The motion was styled as a "Motion to File Belated Appeal/and Verified Petition for Extension of Time to File Brief of Appellant."

2. We direct the State's attention to our slip opinion at page 3, n. 2.

3. *Becker* did not involve a situation where a panel of this court had explicitly permitted a late filing.

4. There, as here, the State argued we lacked jurisdiction because the petitioner had filed a belated praecipe, even though our Motions Panel had already issued an order allowing the case to proceed on its merits. We note with concern that in both *Mahone* and in the case before us, the State has employed this tactic in appeals brought by *pro se* petitioners.