Richard Lee DAVIS, Appellant
(Defendant),

v.

STATE of Indiana, Appellee (Plaintiff).

Nos. 34S02–0206–PC–305,
34A02–0102–PC–107.

Supreme Court of Indiana.

July 19, 2002.

Richard Lee Davis, Ashland, KY, pro se.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Richard C. Webster, Deputy Attorneys General, Indianapolis, IN, for Appellee.

SHEPARD, Chief Justice.

Richard Lee Davis appealed the denial of his motion to correct an erroneous sentence, but filed his notice of appeal several months after the trial court's ruling. The Court of Appeals permitted Davis to file this belated notice over the State's argument that Davis' failure to timely file forfeited his appeal. It lacked authority to do so.

**Facts & Procedural History**

Davis pled guilty to conspiracy to com-

mit robbery, a class C felony.[1] The trial court imposed a five-year sentence, with three years suspended and two years to run consecutively to a sentence imposed in a separate proceeding.

On September 5, 2000, Davis moved to correct his sentence, alleging that he did not intelligently and knowingly enter into his plea agreement. The trial court denied the motion on October 6th. To appeal this denial, Davis was required to file a praecipe within thirty days. He did not. Instead, he filed a notice of appeal on January 22, 2001.[2] Because the appeal was not initiated within thirty days of the trial court's ruling, the State moved to show cause why the appeal should not be dismissed.

Davis argued that he did not receive notice of the trial court's ruling and then moved to file a belated appeal.[3] The motions panel of the Court of Appeals reviewed the case and permitted Davis to pursue his appeal.

When the case was fully briefed on the merits, the Court of Appeals held *sua sponte* that Davis' sentence was void *ab initio* because the trial court lacked authority to impose consecutive sentences. *Davis v. State*, 759 N.E.2d 1196, No. 34A02–0102–PC–107, slip op. at 5 (Ind.Ct. App. Dec. 5, 2001). The State sought rehearing, arguing as it had before the mo-

tions panel and in its Appellee's brief that the Court of Appeals lacked jurisdiction to hear the appeal. The Court of Appeals issued a second opinion, declining to revisit the ruling of its Motions Panel and reaffirming its authority to extend the period of time within which Davis could file his praecipe. *Davis v. State*, 764 N.E.2d 761, 761–62 (Ind.Ct.App.2002). We granted transfer.

### The Rules on Belated Appeals

The threshold issue is thus whether the Court of Appeals could properly extend the deadline for Davis to file his notice of appeal.

Indiana Appellate Rule 9, covering the initiation of an appeal, is necessarily the starting point. It states:

> A party initiates an appeal by filing a Notice of Appeal with the trial court clerk within thirty (30) days after the entry of a Final Judgment. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion . . . .

Further on, Rule 9 provides, "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post–Conviction Rule] 2."

Davis filed his notice of appeal on January 22, 2001, well after the thirty-day

---

1. Ind.Code Ann. §§ 35–41–5–2, 35–42–5–1 (West 1999).

2. Under the rules that existed in 2000, a party initiated an appeal by filing a "praecipe" with the trial court. Ind. Appellate Rule 2 (repealed Jan. 1, 2001). Under the new rules, the initial act is filing a "notice of appeal," which likewise must be filed within thirty days of the trial court's judgment. App. R. 9(A).

3. The record is unclear on this matter, but even accepting Davis' chronology of events, the initiation of his appeal was not timely. Davis, who has been incarcerated throughout

this period, asserts that he did not receive immediate notice of the trial court's October 6, 2000 denial of his motion to correct erroneous sentence. (C.C.S. at 3; Appellant's Br. at 1.) On November 24, 2000, Davis sent a letter to the court requesting information, and on December 7, 2000 the court sent him a "docket card" describing the status of his motion. (C.C.S. at 3.) Davis admits receiving this information on December 15, 2000, but his notice of appeal was not filed until January 22, 2001, outside of the thirty-day window for initiating an appeal. (Appellant's Praecipe/Notice of Appeal at 1, 2.) *See* App. R. 9.

deadline had passed. He therefore forfeited his appeal, unless Post–Conviction Rule 2(1) salvages it. Rule 2(1), in pertinent part, states:

> Where a defendant convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court . . . .
>
> If the trial court finds no grounds for permitting the filing of a belated notice of appeal, the defendant may appeal such denial by filing a notice of appeal within thirty (30) days of said denial.

■ We have held more than once that P–C.R. 2(1) is a "vehicle for belated direct appeals alone." *See, e.g., Greer v. State,* 685 N.E.2d 700, 702 (Ind.1997) (quoting *Howard v. State,* 653 N.E.2d 1389, 1390 (Ind.1995)). It provides petitioners with a method to seek permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions. *Howard,* 653 N.E.2d at 1390. More specifically, the Court of Appeals lacks subject matter jurisdiction over appeals other than direct appeals, unless such appeals or petitions are timely brought. *Greer,* 685 N.E.2d at 703. This contrasts with its authority on matters such as tardy briefs, for example, which merely "subject the appeal to summary dismissal." App. R. 45(D).

In this case, Davis appealed the denial of his motion to correct an erroneous sentence. In *State ex rel. Gordon v. Vanderburgh Circuit Court,* 616 N.E.2d 8, 9 (Ind. 1993) (per curiam), we analyzed motions to correct erroneous sentence and held that they "must be considered . . . petition[s] for post-conviction relief." As such, the Court of Appeals was without authority to hear Davis' appeal because P–C.R. 2(1) does not permit belated appeals of motions to correct erroneous sentences.[4]

■ As for whether it was appropriate for the State to petition for rehearing on the jurisdictional question originally considered by the motions panel, petitions under Appellate Rule 54 may be based on substantive rulings made in the course of submitting the appeal and on those issues directly addressed by the panel hearing the appeal as finally submitted on the merits.[5] In considering such a petition, the Court of Appeals can grant or deny in accordance with the principles applicable to rehearing. *See Griffin v. State,* 763

---

4. As for Davis' claim about consecutive sentences, we recently observed in *Games v. State,* 743 N.E.2d 1132, 1135 (Ind.2001), that defendants who plead guilty to achieve favorable outcomes "give up a plethora of substantive claims and procedural rights," such as challenges to convictions that would otherwise constitute double jeopardy. Striking a favorable bargain including a consecutive sentence the court might otherwise not have the ability to impose falls within this category.

5. As one commentator recently noted:

> [R]ecent opinions have demonstrated an appropriate reluctance on the part of the court of appeals to overrule orders already decided by its rotating motions panels. Nevertheless, these decisions do not hold that the authoring court is absolutely *precluded* from reconsidering issues previously decided on a motion from a party. Indeed, such a holding would be contrary to the court's traditional practice. If a party fails to obtain requested relief from a pre-briefing motion to dismiss (assuming the motion has colorable merit), the best practice is to raise that issue again in that party's brief on the merits. Similarly, the issue should be fair game for a petition to transfer. Professionally responsible advocacy would dictate that the prior unsuccessful motion also be brought to the appellate court's attention.

Douglas E. Cressler, *A Year of Transition in Appellate Practice,* 35 Ind. L.Rev. (forthcoming 2002) (emphasis in original).

N.E.2d 450 (Ind.2002) (reviewing the nature of rehearing).

## Conclusion

We vacate the opinions of the Court of Appeals and dismiss Davis' appeal for lack of subject matter jurisdiction.

DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., concurs in result without separate opinion.