**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 18 2014, 10:29 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**KENNETH GIBBS**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH W. GIBBS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 22A04-1407-CR-331 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE FLOYD SUPERIOR COURT 1
The Honorable Frank Newkirk, JR., Judge
Cause No. 22D01-8306-CF-77

**November 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Gibbs appeals from the denial of his petition for permission to file a belated notice of appeal of the denial of his motion to correct erroneous sentence. On appeal, Gibbs argues that the trial court erred in denying his petition.

We affirm.

Gibbs was convicted of attempted murder in 1984, and his conviction was affirmed on direct appeal. *Gibbs v. State*, 483 N.E.2d 1365 (Ind. 1985). In 1994, Gibbs's petition for post-conviction relief was denied, and this court affirmed. Thereafter, Gibbs has continued to file numerous motions and petitions. At issue in this case is a motion to correct erroneous sentence Gibbs filed on November 20, 2013. The trial court denied the motion on March 20, 2014. On May 23, 2014, Gibbs filed a petition for permission to file a belated notice of appeal from the trial court's denial of his motion to correct erroneous sentence. The trial court denied the petition on June 25, 2013, and Gibbs now appeals.

Gibbs sought permission to file a belated notice of appeal pursuant to Ind. Post-Conviction Rule 2(1). P-C.R. 2(1) provides as follows:

> (a) *Required Showings*. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>> (1) the defendant failed to file a timely notice of appeal;
>> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

In *Davis v. State*, 771 N.E.2d 647, 649 (Ind. 2002), *abrogated in part by In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), our Supreme Court noted that P-C.R. 2(1) "provides

petitioners with a method to seek permission for belated consideration of appeals addressing conviction, but does not permit belated consideration of appeals of other post-judgment petitions."[1]  Specifically, the court explained that P-C.R. 2(1) does not permit a belated appeal from the denial of a motion to correct erroneous sentence.  Accordingly, the trial court in this case did not err when it denied Gibbs's petition for permission to file a belated notice of appeal from the denial of his motion to correct erroneous sentence.

Judgment affirmed.

VAIDIK, C. J., and MAY, J., concur.

---

[1] In *Davis v. State*, 771 N.E.2d at 649, our Supreme Court went on to explain that "the Court of Appeals lacks subject matter jurisdiction over appeals other than direct appeals, unless such appeals or petitions are timely brought."  Recently, in *In re Adoption of O.R.*, 16 N.E.3d at 971, our Supreme Court held that "although a party forfeits its right to appeal based on an untimely filing of the Notice of Appeal, this untimely filing is not a jurisdictional defect depriving the appellate courts of authority to entertain the appeal."  In a footnote, the court explained that "our language in *Davis* regarding the Court of Appeals' 'jurisdiction' and 'authority' over Davis' appeal is problematic."  *Id.* at 970 n.2.  The court held, however, that its ultimate conclusion in *Davis* that P-C.R. 2 applies only to direct appeals of criminal convictions, and not to motions to correct erroneous sentence, was correct.  *In re Adoption of O.R.*, 16 N.E.3d 965.