## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 08 2018, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Larry David Blanton, Jr.
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis, T. Hill, Jr.
Attorney General of Indiana

Kelly A. Loy
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry D. Blanton, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 8, 2018

Court of Appeals Case No.
53A05-1708-CR-1895

Appeal from the Monroe Circuit Court

The Honorable Mary Ellen Diekhoff, Judge

Trial Court Cause No.
53C05-0404-FA-360

**Altice, Judge.**

## Case Summary

[1] Larry David Blanton, Jr., pro se, appeals the trial court's denial of his petition to file a belated appeal from the denial of his motion to correct erroneous sentence.

[2] We affirm.

## Facts & Procedural History

[3] Following a jury trial in February 2006, Blanton was convicted of three counts of Class A felony child molesting and one count of Class C felony child molesting. The trial court imposed an aggregate sentence of 105 years in prison, with 30 of those years suspended. On direct appeal, Blanton challenged the sufficiency of the evidence supporting his convictions and the appropriateness of his sentence. Blanton prevailed on the sentencing argument, and his aggregate sentence was reduced to 30 years in prison. *Blanton v. State*, Cause No. 53A01-0606-CR-226 (Ind. Ct. App. April 19, 2007). On remand, the trial court resentenced Blanton accordingly on October 12, 2007.

[4] On February 24, 2017, Blanton filed a pro se motion to correct erroneous sentence, along with a memorandum of law. Following the State's response, the trial court denied the motion on April 24, 2017. Due to a mailing error, Blanton apparently did not receive a copy of this order until May 22, 2017, and he claims that access to the prison's law library was restricted from this date though May 26, 2017.

[5] On June 26, 2017, Blanton filed a motion for leave to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2(1), which was denied by the trial court on July 19, 2017. Blanton appeals from that denial, claiming that the trial court abused its discretion.

## Discussion & Decision

[6] Indiana Appellate Rule 9(A)(5) provides that unless the notice of appeal is timely filed, the right to appeal shall be forfeited except as provided by P-C.R. 2. Relying on P-C.R. 2(1)(a), Blanton argues that his failure to file a timely notice of appeal was not his fault and that he had been diligent in requesting permission to file a belated notice of appeal. Regardless, Blanton is not an eligible defendant for purposes of P-C.R. 2 because he is not pursuing a direct appeal.[1] Our Supreme Court has consistently recognized that P-C.R. 2 "applies only to direct appeals of criminal *convictions*" and cannot be used to salvage a late appeal of the denial of a motion to correct erroneous sentence. *In re Adoption of O.R.*, 16 N.E.3d 965, 970 n.2 (Ind. 2014) (emphasis in original); *see also Davis v. State,* 771 N.E.2d 647, 649 (Ind. 2002) ("P-C.R. 2(1) does not permit belated appeals of motions to correct erroneous sentences"), *abrogated in part on other grounds by O.R.,* 16 N.E.3d 965. Accordingly, the trial court did not

---

[1] P-C.R. 2 defines an "eligible defendant" as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal."

err when it denied Blanton's motion for leave to file a belated notice of appeal from the denial of his motion to correct erroneous sentence.

[7] Judgment affirmed.

[8] May, J. and Vaidik C.J., concur.