

FILED

Apr 24 2019, 8:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| | |
|---|---|
| **ATTORNEY FOR APPELLANT** | **ATTORNEYS FOR APPELLEE** |
| Derek Core<br>Bunker Hill, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>George P. Sherman<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derek Core,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | April 24, 2019<br><br>Court of Appeals Case No.<br>91A02-1611-PC-2604<br><br>Appeal from the White Superior Court<br><br>The Honorable Robert B. Mrzlack, Judge<br><br>Trial Court Cause No.<br>91D01-1510-PC-3 |

**Pyle, Judge.**

[1]     Derek Core ("Core"), pro se, attempts to belatedly appeal from the post-conviction court's denial of his petition for post-conviction relief.  Because we conclude that Core forfeited his right to appeal by failing to timely file his notice of appeal following the denial of his petition for post-conviction relief and because our Indiana Supreme Court has repeatedly held that Post-Conviction

Rule 2(1) does not permit belated consideration of an appeal from a post-conviction or other post-judgment proceedings, we dismiss this appeal.

[2] We dismiss.

## Issue

Whether this appeal should be dismissed where Core failed to file a timely notice of appeal and, contrary to Indiana Supreme Court precedent, filed a belated notice of appeal from his post-conviction judgment under Post-Conviction Rule 2(1).

## Facts

[3] Because of our disposition of this appeal, we will focus on the procedural facts and will not delve into detailed substantive facts surrounding Core's offenses.[1]

[4] In October 2013, Core, who was on parole, and two other individuals robbed a bank in White County. In May 2014, a jury found Core guilty of Class C felony robbery, and Core admitted that he was an habitual offender. Thereafter, the trial court imposed an eight (8) year sentence for Core's Class C felony conviction and enhanced that sentence by twelve (12) years for his habitual offender adjudication. Core then filed a direct appeal, raising evidentiary and sentencing arguments. Our Court affirmed Core's conviction and sentence in March 2015.

---

[1] The facts of Core's offenses can be found in the memorandum decision from his direct appeal. *See Core v. State*, No. 91A05-1406-CR-265, *1-3 (Ind. Ct. App. Mar. 6, 2015), *trans. denied*.

[5] Subsequently, in October 2015, Core filed a pro se petition for post-conviction relief and later filed an amended pro se petition in November 2015. Core raised a claim of ineffective assistance of trial counsel, arguing that counsel rendered ineffective assistance during his motion to suppress hearing. In April 2016, the post-conviction court held a hearing on Core's post-conviction petition. Thereafter, on July 20, 2016, the post-conviction court issued an order denying Core's petition for post-conviction relief. Therefore, Core's notice of appeal was due on or before August 19, 2016, and he was required to file it with the Clerk of our Court. *See* App. R. 9(A)(1). Core failed to do so.[2]

[6] On September 8, 2016, Core filed, with the post-conviction court, a petition seeking permission to file a belated notice of appeal from the order denying post-conviction relief. In his petition, he sought to invoke the provisions of Post-Conviction Rule 2(1). The post-conviction court held a hearing and granted Core permission to file a belated notice of appeal from his post-conviction case.

[7] Subsequently, on November 15, 2016, Core filed a notice of appeal with our Court. After Core failed to timely file his Appellant's Brief, he filed a motion to file a belated brief, and our motions panel granted him permission to file a

---

[2] Core filed a notice of appeal with the post-conviction court on August 17, 2016. However, filing a notice of appeal with the trial court is no longer the procedure for initiating an appeal. *See* App. R. 9(A)(1). Indeed, such has not been the case since January 1, 2012. *See* App. R. 9(A)(1) (2011). While we did have a grace period from January 1, 2012, until January 1, 2014, during which a notice of appeal filed with the trial court clerk would be deemed timely filed, *see* App. R. 9(A)(5) (2012), that grace period had been expired for more than two years at the time Core was required to file his notice of appeal with our Court.

belated brief.[3]  Thereafter, the State filed a motion to dismiss Core's appeal, arguing that Core had forfeited his right to appeal because he had failed to file a timely notice of appeal from the denial of his petition for post-conviction relief. The State also pointed out that Post-Conviction Rule 2(1) was not applicable to a post-conviction judgment.  Our motions panel[4] denied the State's motion to dismiss and permitted Core to proceed with a belated appeal from his post-conviction judgment.

## Decision

[8] At the outset, we note that, although the State did not re-raise the argument from its motion to dismiss, we choose to reconsider the motions panel's decision and review the issue in this opinion.  "'It is well established that we may reconsider a ruling by the motions panel.'"  *Treacy v. State*, 953 N.E.2d 634, 636 n.2 (Ind. Ct. App. 2011) (quoting *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006), *trans. denied*), *trans. denied*.  Although we are "reluctant" to overrule orders decided by our motions panel, we have "inherent authority to reconsider any [motions panel] decision" while an appeal remains pending.  *Id.* (citing *Davis v. State*, 771 N.E.2d 647, 649 n. 5 (Ind. 2002),

---

[3] Core titled his motion as a petition for permission to file belated notice of appeal.  However, we treated this motion as a motion to file a belated brief.  The writing judge of this opinion was one of the three judges on the rotating motions panel that granted Core permission to file a belated brief.

[4] Neither the writing judge nor the two voting judges of this opinion were on the motions panel that denied the State's motion to dismiss.

*abrogated in part on other grounds by In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014); *State v. Moore*, 796 N.E.2d 764, 766 (Ind. Ct. App. 2003), *trans. denied*).

[9] Additionally, we note that Core has chosen to proceed pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so. *Id.*

[10] Core attempts to belatedly appeal the post-conviction court's order denying his petition for post-conviction relief. Core, however, has forfeited his appellate claims by failing to timely file a notice of appeal as required by our Appellate Rules.

[11] At the time that Core was required to file his notice of appeal with our Court in August 2016, our Indiana Appellate Rules provided that a party who wished to appeal must "initiate[] an appeal by conventionally[5] filing a Notice of Appeal with the Clerk (as defined in Rule 2(D))[6] within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). Additionally, Appellate Rule 9(A)(5) provided that

---

[5] Pursuant to an amendment, effective September 1, 2018, the word "conventionally" has been removed from Appellate Rule 9.

[6] Appellate Rule 2(D) defines "Clerk" as "the Clerk of the Indiana Supreme Court, Court of Appeals[,] and Tax Court."

"unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R.2."

[12] Here, the post-conviction court entered its final judgment in Core's post-conviction proceeding on July 20, 2016. Thus, Core's notice of appeal was due to be filed with our Court on or before August 19, 2016. *See* App. R. 9(A)(1). Core, however, filed his notice of appeal with our Court on November 15, 2016. Accordingly, he filed his notice of appeal eighty-eight days late. Pursuant to Appellate Rule 9(A)(5), his failure to timely file his notice of appeal with our Court resulted in Core's right to appeal being "forfeited."

[13] Core attempted to avoid this forfeiture by petitioning the post-conviction court for permission to file a belated notice of appeal under Post-Conviction Rule 2(1). The post-conviction court reviewed the factors in Post-Conviction Rule 2(1)(a) and granted Core's petition. The post-conviction court erred by doing so.

[14] Post-Conviction Rule 2 provides an avenue by which certain criminal defendants may pursue a direct appeal—from a conviction or sentence—after the time for filing a notice of appeal has expired. Specifically, Post-Conviction Rule 2(1)(a) provides as follows:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Post-Conviction Rule 2 applies only to an "eligible defendant," which is "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on *direct appeal* a *conviction* or *sentence* after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P-C.R. 2 (emphases added).

[15] Our Indiana Supreme Court has held that Post-Conviction Rule 2(1) does not apply to post-conviction proceedings and that it is a "vehicle for belated direct appeals alone." *Howard v. State,* 653 N.E.2d 1389, 1390 (Ind. 1995) (holding that Post-Conviction Rule 2(1) did not apply to a petitioner's attempt to file a belated notice of appeal from his post-conviction order). Post-Conviction Rule 2(1) "applies to direct appeals of convictions or sentences" and "does not apply to appeals of collateral or post-judgment rulings." *Hill v. State*, 960 N.E.2d 141, 148 (Ind. 2012), *reh'g denied*. *See also Dawson v. State*, 943 N.E.2d 1281, 1281-82 (Ind. 2011) (dismissing defendant's belated appeal and finding that Post-Conviction Rule 2(1) is available for direct appeals of convictions and sentences but not for belated appeals from an order revoking probation); *Newton v. State*, 894 N.E.2d 192, 193 (Ind. 2008) (holding that Post-Conviction Rule 2(1) applied only to the direct appeal of a conviction or sentence after a trial or plea of guilty and did not apply to a defendant's request for a belated appeal from a

prior order denying permission for a belated appeal); *Davis*, 771 N.E.2d at 649 (holding that Post-Conviction Rule 2(1) did not permit the belated appeal of a defendant's motion to correct erroneous sentence, which was considered as a petition for post-conviction relief); *Greer v. State*, 685 N.E.2d 700, 702 (Ind. 1997) (holding that Post-Conviction Rule 2(1) did not permit belated consideration of appeals from post-judgment petitions), *abrogated in part on other grounds by O.R.*, 16 N.E.3d 965). "[I]n the collateral review context, the failure to timely file a notice of appeal *permanently extinguishes* the opportunity to appeal." *Hill*, 960 N.E.2d at 148 (emphasis added).

[16] We recognize that our supreme court has explained that an appellate court, in certain circumstances, may restore a right of appeal that has been forfeited if there are "extraordinarily compelling reasons to do so." *O.R.*, 16 N.E.3d at 971. However, the *O.R.* Court specifically noted that its prior holding or "ultimate conclusion" in *Davis*, which was that Post-Conviction Rule 2(1) did not permit the belated appeal of a petition for post-conviction relief such as a motion to correct erroneous sentence—was "correct." *O.R.*, 16 N.E.3d at 970 n.2. Thus, our supreme court precedent is clear that a post-conviction petitioner who fails to timely file a notice of appeal has permanently extinguished his opportunity to appeal and cannot invoke Post-Conviction Rule 2(1) to file a belated notice of appeal.[7]

---

[7] Even if we were to apply *O.R.*, we do not find any extraordinarily compelling reasons why Core's forfeited right should be restored, and we would dismiss this appeal.

Here, Core forfeited his right to appeal by failing to timely file his notice of appeal with our Court following the denial of his petition for post-conviction relief. Core cannot use the exception under Post-Conviction Rule 2(1) to belatedly appeal because our Indiana Supreme Court has repeatedly held that Post-Conviction Rule 2(1) does not permit belated consideration of an appeal from a post-conviction or other post-judgment proceedings. Accordingly, we dismiss this appeal.

Dismissed.

Vaidik, C.J., and Barnes, Sr.J., concur.