## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Jan 22 2020, 6:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Dalvonte Jones
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dalvonte Jones,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

January 22, 2020

Court of Appeals Case No.
18A-PC-2061

Appeal from the Marion Superior
Court

The Honorable Kurt M. Eisgruber,
Judge

The Honorable Steven J. Rubick,
Magistrate

Trial Court Cause No.
49G01-1611-PC-42909

**Bailey, Judge.**

# Case Summary

[1] Dalvonte Jones ("Jones") attempts to belatedly appeal the trial court's denial of his petition for post-conviction relief. We address only the dispositive issue of whether his appeal should be dismissed as untimely.

[2] We dismiss.

# Facts and Procedural History

[3] In 2014, Jones was found guilty of murder and sentenced accordingly. This court affirmed his conviction on direct appeal. *Jones v. State*, 38 N.E.3d 742 (Ind. Ct. App. 2015), *trans. denied*. On October 11, 2016, Jones filed a petition for post-conviction relief ("PCR"). The trial court denied Jones's PCR petition on May 15, 2018. On July 31, 2018, Jones filed a "Request for Leave to File a Belated Motion to Correct Error" and a "Belated Motion to Correct Error." App. at 15. On August 2, 2018, the trial court denied Jones's belated motion to correct error without issuing a ruling on Jones's request for leave to file that motion.

[4] Jones filed his notice of appeal on August 28, 2018. The State filed a motion to dismiss Jones's appeal as untimely, and the motions panel of this court denied the State's motion to dismiss.

# Discussion and Decision

The State continues to assert that Jones's appeal should be dismissed as untimely. We agree.[1]

Generally, appeals from final judgments—including appeals from PCR decisions—must be filed within thirty days after the entry of final judgment or else the right to appeal is forfeited. Ind. Appellate Rule 9(A)(1), (5). The Post-Conviction Relief Rules provide an exception: "Post-Conviction Rule 2 provides an avenue by which certain criminal defendants may pursue a direct appeal—from a conviction or sentence—after the time for filing a notice of appeal has expired." *Core v. State*, 122 N.E.3d 974, 977 (Ind. Ct. App. 2019). However, our Supreme Court has made it clear that the right to seek permission to file a belated appeal[2] under that PCR rule applies only to *direct* appeals, not appeals of PCR decisions. *Id*. (citing *Hill v. State*, 960 N.E.2d 141, 148 (Ind. 2012), and *Howard v. State*, 653 N.E.2d 1389, 1390 (Ind. 1995)). The right to seek permission to file a belated motion to correct error under PCR Rule 2(2) also applies only to direct appeals, not PCR actions. *Sceifers v. State*, 663 N.E.2d 1191, 1192 (Ind. Ct. App. 1996), *trans. denied*. In short, there is no Indiana rule

---

[1] The motions panel ruled that Jones's appeal was timely because it was filed within thirty days of the date the trial court denied Jones's belated motion to correct error. However, the motions panel did not address the fact that this is not a direct appeal but an appeal from a final PCR decision. And it is well-settled that we may reconsider a decision of our motions panel. *E.g.*, *Treacy v. State*, 953 N.E.2d 634, 636 n.2 (Ind. Ct. App. 2011), *trans. denied*.

[2] We note that Jones never sought or obtained permission from the trial court to file a belated notice of appeal per the procedures outlined in PCR Rule 2(1).

allowing for a belated motion to correct error or a belated appeal of a final PCR judgment. *Id.*; *Core*, 122 N.E.3d at 977. Thus, we have held that a post-conviction petitioner who fails to timely file a notice of appeal of a final PCR judgment has "permanently extinguished his opportunity to appeal" that judgment. *Core*, 122 N.E.3d at 977. And, while this court has authority to restore a forfeited right of appeal if there are "extraordinarily compelling reasons to do so," Jones has pointed to no such extraordinarily compelling reasons and we find none. *Id.* at 977 (citing *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014)).

[7]     The trial court denied Jones's PCR petition on May 15, 2018. As no belated motion to correct error (which would extend the time for filing a notice of appeal) was authorized by the rules, Jones was required to file his Notice of Appeal within thirty days of May 15, 2018. He did not do so.[3] Therefore, he forfeited his right to appeal the denial of his PCR petition, and we dismiss this appeal.

[8]     Dismissed.

Kirsch, J., and Mathias, J., concur.

---

[3] We recognize that Jones appeals pro se. However, it is well settled that pro se litigants are held to the same legal standards as licensed attorneys and must be prepared to accept the consequences of their failure to follow the established rules of procedure. *Id.*