## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2020, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Mark A. Thacker
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mark A. Thacker,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 21, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2057<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Sheila Carlisle, Judge<br><br>The Honorable<br>Stanley Kroh, Magistrate<br><br>Trial Court Cause No.<br>49G03-9603-CF-34643 |

**Vaidik, Judge.**

In 1997, Mark Thacker was convicted of murder and other offenses and sentenced to 175 years. *See Thacker v. State*, 709 N.E.2d 3 (Ind. 1999), *reh'g denied*. Thereafter, Thacker sought post-conviction relief. In 2002, the post-conviction court granted Thacker relief, reducing his sentence to 85 years. *See* Appellant's App. Vol. II p. 13. The revised abstract of judgment provides that, as of June 17, 1997, Thacker had been confined 469 days "prior to sentencing." *Id.* at 19. The revised abstract does not provide the amount of credit time that Thacker earned for the time he spent in confinement before sentencing.

In November 2018, Thacker, pro se, filed a motion to correct erroneous sentence, arguing that his revised abstract of judgment shows that he "was only given credit for jail time served and not good time credit as allowed under Indiana Code 35-50-6-3(b)." *Id.* at 20. That same day, the trial court denied Thacker's motion as follows:

> *See Robinson v. State*, 805 N.E.2d 783 (Ind. 2004). Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by the courts and the DOC to automatically award the number of credit time days equal to the number of pre-sentence confinement days. You have not demonstrated the DOC has deprived you of earned credit days.

*Id.* It appears that Thacker first learned that his motion had been denied in April 2019. *See* 49G03-9603-CF-34643 (Apr. 25, 2019). In August 2019, Thacker filed a petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2(1), which the trial court denied.

[3]     Thacker now appeals, making several arguments why the trial court should have given him permission to file a belated notice of appeal so that he could challenge the denial of his motion to correct erroneous sentence. We first note that Post-Conviction Rule 2(1) cannot be used to salvage a defendant's late appeal of a denial of a motion to correct erroneous sentence. *See In re Adoption of O.R.*, 16 N.E.3d 965, 970 n.2 (Ind. 2014) (citing *Davis v. State*, 771 N.E.2d 647 (Ind. 2002)). But even if Thacker were allowed to bring a belated appeal, he would not be entitled to the substantive relief he seeks. As our Supreme Court explained in *Robinson*:

> In an effort to facilitate the fair and expeditious resolution of appellate litigation arising from these judgments, we adopt the following appellate presumption. Sentencing judgments that report only days spent in pre-sentence confinement and fail to expressly designate credit time earned shall be understood by courts and by the Department of Correction automatically to award the number of credit time days equal to the number of pre-sentence confinement days. . . . **Because the omission of designation of the statutory credit time entitlement is thus corrected by this presumption, such omission may not be raised as an erroneous sentence.**

805 N.E.2d at 792 (emphasis added). Accordingly, we affirm the trial court's denial of Thacker's petition for permission to file a belated notice of appeal.

[4]     Affirmed.

Najam, J., and Tavitas, J., concur.