

FILED

Nov 29 2023, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Martez James Sevion Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 29, 2023

Court of Appeals Case No.
23A-CR-1107

Appeal from the Madison Circuit
Court

The Honorable Angela Warner
Sims, Judge

Trial Court Cause No.
48C01-2209-F1-2731

**Opinion by Judge Weissmann**
Chief Judge Altice and Judge Kenworthy concur.

**Weissmann, Judge.**

[1] Accused of dealing drugs that caused a fatal overdose, Martez Sevion Jr. requested a reduction of his $100,000 bond. The trial court denied this request, and Sevion missed the deadline to appeal the decision. So, Sevion attempted to resurrect his forfeited appeal via Post-Conviction Rule 2 (PCR 2). But PCR 2 does not apply to the denial of a bond reduction motion, and finding an insufficient basis to restore Sevion's forfeited appeal, we dismiss.

## Facts

[2] Dissatisfied with the order setting a $100,000 surety bond, Sevion moved to reduce his bond amount. The timeline of the relevant events is as follows:

- April 3, 2023 – Trial court denied Sevion's motion to reduce bond.

- April 18, 2023 – Sevion filed a pro se motion to certify the order for interlocutory appeal.

- May 1, 2023 – The trial court denied the interlocutory appeal motion.

- May 3, 2023 – Deadline for Sevion's direct appeal. And Sevion separately moved for the appointment of appellate counsel.

- May 5, 2023 – Trial court appointed appellate counsel.

- May 9, 2023 – Sevion's counsel filed a PCR 2 request for a belated appeal.

- May 10, 2023 – Trial court grants the PCR 2 motion.

- May 16, 2023 – Notice of appeal filed.

[3] In his belated appeal, Sevion argues the trial court erred in denying his motion to reduce bond. The State cross-appeals, seeking dismissal of this appeal by claiming Sevion is ineligible to file a belated appeal under PCR 2.

## Discussion and Decision

[4] Post-Conviction Rule 2 provides a path to an appeal for some defendants who have missed the procedural filing deadline. The rule applies only to defendants "who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Ind. Post-Conviction Rule 2. In other words, PCR 2 is a "vehicle for belated direct appeals alone." *Howard v. State*, 653 N.E.2d 1389, 1390 (Ind. 1995).

[5] We have repeatedly found defendants ineligible to file a belated appeal under PCR 2 in situations falling outside the rule's text. For instance, post-conviction proceedings and probation revocations are excluded from PCR 2 relief because those scenarios do not challenge a defendant's "conviction or sentence." *Dawson v. State*, 943 N.E.2d 1281, 1281 (Ind. 2011) (probation); *Cummings v. State*, 137 N.E.3d 255, 257 (Ind. Ct. App. 2019) (post-conviction proceedings). The same result follows here. Because a bond reduction motion does not challenge "a conviction or sentence," it similarly does not qualify. Thus, Sevion was not eligible to file a belated appeal under PCR 2.

[6] That said, under *In re adoption of O.R.*, we may restore an otherwise forfeited appeal when there are "extraordinarily compelling reasons" to do so. 16 N.E.3d 965, 971 (Ind. 2014). But rather than argue that no such reasons support hearing Sevion's appeal, the State claims *O.R.* does not apply to defendants who are ineligible for PCR 2 relief. We disagree.

[7] The State relies on just one case in support of its claim: *Core v. State*, 122 N.E.3d 974 (Ind. Ct. App. 2019). In *Core*, this Court found *O.R.* inapplicable to a post-conviction petitioner ineligible for PCR 2, reasoning that such a petitioner "has *permanently extinguished* his opportunity to appeal." *Id.* at 974 (emphasis added). Yet *Core* is plainly an outlier in this respect. Cases decided in the wake of *Core* have uniformly applied *O.R.* to defendants ineligible for PCR 2 relief. *See, e.g.*, *Beasley v. State*, 192 N.E.3d 1026, 1029-30 (Ind. Ct. App. 2022) (applying *O.R.* to ineligible PCR 2 defendant); *Cummings*, 137 N.E.3d 255 at 257 n.3 (same).

[8] We also see no justification for not applying *O.R.* to situations like Sevion's. In effect, *O.R.* acts as a fail-safe where procedural defaults would render forfeiture of an appeal shockingly unfair. Guiding this principle is the recognition that procedural rules are simply the means to an end, not the end itself. *See O.R.*, 16 N.E.3d at 971-72 ("[W]e are mindful that our procedural rules are merely means for achieving the ultimate end of orderly and speedy justice." (internal quotation omitted)). Because a defendant's eligibility for the procedural mechanisms of PCR 2 has little bearing, if any, on the existence of "extraordinarily compelling reasons" to hear the merits of his claim, *O.R.* relief

is still available to a post-conviction petitioner who fails to timely file a notice of appeal. *Id*. at 971.

[9]     Of course, a defendant must still avail himself of this relief to receive its benefit. Sevion did not. Sevion never asserted *O.R.*'s standard of extraordinarily compelling reasons in his present appeal or during his time as a pro se petitioner. The most that can be said is that Sevion asked this Court to exercise its inherent authority to consider an otherwise waived appeal. Ind. Appellate Rule 1 ("The Court may, upon the motion of a party or the Court's own motion, permit deviation from these Rules."). But the only basis for Sevion's argument is that his appellate counsel was appointed after the filing deadline had passed. This claim alone is not enough.

[10]    First, it does not excuse Sevion's failure to file the notice of appeal prior to obtaining counsel. *See Shawa v. Gillette*, 209 N.E.3d 1196, 1200 n.2 (Ind. Ct. App. 2023) (holding pro se litigant to the same standard as a licensed attorney). And second, it does not by itself represent an extraordinarily compelling reason to consider an otherwise waived appeal. In *O.R.*, the late appointment of appellate counsel was considered just one fact among several that justified the restoration of the waived appeal. 16 N.E.3d at 971-72. More importantly, *O.R.* involved the alleged deprivation of a "fundamental liberty interest." *Id.* at 972. Sevion nowhere alleges the existence of such an interest, nor any similarly compelling reason to consider his appeal, and we decline to make these showings on his behalf.

Dismissed.

Altice, C.J., and Kenworthy, J., concur.